IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD FORGUE,

                Plaintiff,

    v.

CITY OF CHICAGO, a municipal
corporation, et al.,

                Defendants.

Case No. 15-cv-8385

Hon. Charles R. Norgle, Sr.

## DEFENDANT JOHN ESCALANTE'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant John Escalante ("Escalante"), by and through his undersigned counsel, in support of his Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c), states:

### INTRODUCTION

What began as a nine-count complaint against thirty-nine Defendants has been whittled down to a single claim of procedural due process against the City of Chicago and five individual Defendants (current and former employees of the City of Chicago).[1] In sum, Plaintiff alleges that, upon announcing his retirement from the Chicago Police Department ("CPD") on August 13, 2015, Plaintiff was entitled to a CPD retirement identification card. (First Am. Compl. or "Compl." ¶¶ 63, 79.) Plaintiff alleges that he was denied his retirement identification card without a "chance to respond nor a full and fair hearing before he was denied," the retirement identification card, in violation of his due process rights under the Fourteenth Amendment. (*Id.*

---

[1] This Court dismissed the lawsuit in its entirety on June 15, 2016. (Dkt. No. 96.) The Seventh Circuit Court of Appeals revived Plaintiff's claim of a violation of his procedural due process rights, pursuant to 42 U.S.C. § 1983, on October 17, 2017. *Forgue v. City of Chicago*, 873 F.3d 962 (7th Cir. 2017). The Seventh Circuit's opinion is silent as to which Defendants remain in the suit regarding this remaining claim.

1

¶¶ 81-82.) Plaintiff asserts that the determination of whether an officer retires in good standing, in order to qualify for a retirement identification card, is left to the discretion of the CPD Superintendent. (*Id.* ¶¶ 65-66.)

Yet, one Defendant, John Escalante, has nothing to do with Plaintiff's procedural due process claim. Escalante was not named the CPD Interim Superintendent until December 1, 2015, three and a half months after Plaintiff retired from CPD and was denied his retirement identification card. Aside from the case caption, Escalante's name appears only twice in the nineteen-page Complaint (Dkt. No. 69), and at no point in the Complaint does Plaintiff attempt to connect Escalante to his claimed injury of a denial of his due process rights. The pleadings, including the Complaint and Escalante's responses in his Answer, reflect that Escalante had no part in the denial of Forgue's retirement identification card. Accordingly, the Court should enter judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), and dismiss Escalante from this action with prejudice.

## **LEGAL STANDARD**

A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Frankenmuth Mut. Ins. Co. v. Hodsco Constr., Inc.*, 191 F. Supp. 3d 863, 867 (N.D. Ill. 2016) (Norgle, J.) (citing *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) and granting a Rule 12(c) motion)). In order to defeat a Rule 12(c) motion for judgment on the pleadings, a plaintiff's complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Frankenmuth Mut. Ins. Co.*, 191 F. Supp. 3d at 867-68 (quoting *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012)) (internal quotation marks and citation omitted)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (stating that a complaint must allege "enough facts to state a claim to relief that

is plausible on its face"). The Court accepts as true the factual allegations contained in the complaint, and ignores any allegations that are mere legal conclusions. *Frankenmuth Mut. Ins. Co.*, 191 F. Supp. 3d at 868 (citing *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014)). "In considering a 12(c) motion, the court 'accept[s] the facts alleged in the complaint in the light most favorable to the . . . non-moving party.'" *Diamond Blade Warehouse, Inc.*, 420 F. Supp. 2d at 870 (quoting *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir.2004)).

The Court will grant a 12(c) motion only if "it appears beyond a doubt that [Plaintiff] cannot prove any facts to support a claim for relief and [Defendant] demonstrates that there are no material issues of fact to be resolved." *Diamond Blade Warehouse, Inc.*, 420 F. Supp. 2d at 870 (quoting *Brunt v. SEIU*, 284 F.3d 715, 718–19 (7th Cir. 2002)). A Rule 12(c) is the appropriate mechanism to dismiss a formally sufficient complaint when a plaintiff "does nothing to back it up after the defendant moves for dismissal." *Chicago Sch. Reform Bd. of Trustees v. Substance, Inc.*, 79 F. Supp. 2d 919, 940–41 (N.D. Ill. 2000) (Norgle, J.) (citing *Walker v. National Recovery, Inc.*, 200 F.3d 500 (7th Cir. 1999)) (granting plaintiff's motion to dismiss defendant's counterclaims under Rule 12(c) even if the counterclaims "technically" stated claims pursuant to 12(b)(6)).

## **ARGUMENT**

Plaintiff fails to articulate a claim against Escalante. Plaintiff alleges that, "[o]n or about August 13, 2015, Lieutenant Forgue made known his intentions to retire from the Police Department of the City of Chicago by surrendering his active duty card and other issued police equipment to the Personnel Division of Human Resources, Director Donald J. O'Neill." (Compl. ¶ 62.) Plaintiff further alleges that, on or about August 14, 2015, Plaintiff was informed that he would not receive his retirement identification card. (Compl. ¶ 69.) Plaintiff claims that he was

3

informed of the denial of his retirement identification card by Yolanda Talley, a CPD Sergeant in the division of CPD Human Resources. (*Id.*) Plaintiff states that the determination of whether a retiring CPD officer is in "good standing," and thus eligible to receive a retirement identification card, is a determination made at the discretion of the CPD Superintendent. (Compl. ¶¶ 65-66.)

Critically, at the time Plaintiff retired from the CPD and learned he was not going to receive his retirement credentials—August 2015—Defendant Escalante was serving as the Chief of the Bureau of Detectives, *not* Superintendent.[2] (Escalante Answer ¶ 7, attached hereto as Exhibit A.) In fact, Defendant Escalante lacks any substantive knowledge regarding the facts and circumstances surrounding the denial of Plaintiff's retirement credentials, as evidenced by his Answer to the Complaint.

Defendant Escalante is only mentioned twice in the Complaint. First, Plaintiff includes pro forma language alleging that Escalante is named as a "present or former employee of the City of Chicago," who "engaged in the conduct complained of while on duty, in the course and scope of [his] employment and under color of law . . . [and is] sued in his individual capacity." (Compl. ¶ 7.) Second, Escalante is referenced in Paragraph 64 of the Complaint, which states that:

> At all times relevant hereto it was the policy and practice of the Chicago Police Department, and in particular Defendants Police Superintendent John Escalante, and Donald J. O'Neill, to issue what is known as a "retired identification card" to those sworn peace officers employed by Defendant City of Chicago who retire for pension purposes, such as Lieutenant Forgue.

(Compl. ¶ 64.) Escalante served as the Interim CPD Superintendent from December 1, 2015, through April 12, 2016. (Escalante Answer ¶ 7.) Escalante admits it was the policy of the

---

[2] The Superintendent at the time of Plaintiff's retirement in August 2015 was Defendant Garry McCarthy. Defendant McCarthy denies any wrongdoing relating to Plaintiff's claim. *See* McCarthy Answer.

Chicago Police Department that sworn officers leaving the Department in good standing and having served a minimum of ten years creditable service were eligible retirement identification card. (Escalante Answer ¶ 64.) This is the extent of Escalante's connection to the allegations in the Complaint; these allegations, however, fail to connect Escalante to any wrongful conduct.

Plaintiff does not allege that Escalante was involved in the denial of Plaintiff's retirement identification card. Plaintiff does not allege that Escalante even had knowledge of the denial of Forgue's retirement identification card, and it is clear from Escalante's Answer that he lacks knowledge about the facts and circumstances surrounding this claim. (*See*, e.g., Escalante Answer ¶¶ 62-72.) More than three months had elapsed from the time that Plaintiff retired (August 13, 2015) and was denied his retirement credentials to the time that Escalante became CPD Interim Superintendent (December 1, 2015). (Compl. ¶ 63; Escalante Answer ¶ 7.) Based on the pleadings, it is clear that Escalante played no role in the denial of Plaintiff's retirement identification card.

Plaintiff has not met the requisite pleading standard and fails to allege a right to relief against Escalante beyond the speculative level. *See Frankenmuth Mut. Ins. Co.*, 191 F. Supp. 3d at 867. Plaintiff does not allege or imply that Escalante had any part in the denial of Plaintiff's retirement identification card. Even accepting all the allegations in the Complaint as true, as the Court must, Plaintiff has not asserted a plausible claim that Escalante denied Plaintiff his rights of procedural due process as those rights relate to Plaintiff's retirement identification card. For these reasons, the claim against Defendant Escalante should be dismissed.

## **CONCLUSION**

Plaintiff did not articulate a claim of procedural due process against Defendant Escalante. Escalante was not Superintendent at the time that the determination regarding Plaintiff's retirement identification card was made, in August 2015. The two paragraphs which refer to

5

Defendant Escalante by name do not establish or allege liability (Compl. ¶¶ 7, 64), and the remaining allegations in the Complaint do nothing to set forth a plausible claim against Defendant Escalante.

WHEREFORE, Defendant John Escalante respectfully requests this Court to grant his Motion, dismiss the claim of procedural due process prejudice, and for such other and further relief as the Court may deem appropriate.

Dated: April 2, 2018

Respectfully submitted,

**JOHN ESCALANTE**

By: s/ Elizabeth E. Babbitt

One of his Attorneys

Allan T. Slagel (ARDC No. 6198470)
Michael P. Sheehan (ARDC No. 6238081)
Elizabeth E. Babbitt (ARDC No. 6296851)
TAFT STETTINIUS AND HOLLISTER LLP
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
Email: aslagel@taftlaw.com
msheehan@taftlaw.com
ebabbitt@taftlaw.com

22150442.2