**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RONALD FORGUE | |
| Plaintiff, | |
| v. | Case No.:  15-cv-8385 |
| | Hon. Charles Norgle |
| CITY OF CHICAGO, et. al. | **JURY DEMANDED** |
| Defendants. | |

**DEFENDANT JUAN RIVERA'S**
**AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE**
**DEFENSES**

Defendant Juan Rivera, by and through his undersigned counsel, for his Answer to the

First Amended Complaint states as follows:

## INTRODUCTION

1.      This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States and the laws of the State of Illinois.

**ANSWER:**   Defendant Juan Rivera admits Plaintiff brought a claim pursuant to 42

U.S.C. § 1983 regarding a violation of procedural due process, but denies any violation or

deprivation of Plaintiff's civil and constitutional rights, or any law or statute.

## JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

**ANSWER:**   Defendant Juan Rivera admits jurisdiction is proper relative to the single

remaining claim of procedural due process, but denies any violation or deprivation of Plaintiff's

civil and constitutional rights, or any law or statute.

1

## VENUE

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

**ANSWER:**    Defendant Juan Rivera admits venue is proper, but denies any violation or deprivation of Plaintiff's civil and constitutional rights, or any law or statute.

## THE PARTIES

4.      Plaintiff Ronald Forgue is a United States citizen and former employee of the City of Chicago.

**ANSWER:**    Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's citizenship.  Defendant Juan Rivera admits Plaintiff is a former employee of the City of Chicago.

5.      Superintendent Garry McCarthy, Sergeant Dennis Smith, Sergeant James Ballaeur, Officer Matthew O'Brien, Officer James Bansley, Lieutenant Valery Roytman, Sergeant Dave Kinney, Sergeant John Maples, Star 1999, Sergeant Therese Riley, and Sergeant Dennis O'Brien are present or former employees of the City of Chicago. These individual Defendants engaged in the conduct complained of while on duty, in the course and scope of their employment and under color of law. Defendants are sued in their individual capacity.

**ANSWER:**    Defendant Juan Rivera admits that Superintendent McCarthy is the former Superintendent of the Chicago Police Department, and admits that Superintendent McCarthy is sued in his individual capacity.  The remaining Defendants named in Paragraph 5 have been dismissed from this action with prejudice, and no answer regarding these Defendants is required. (*See* Dismissal Order, Dkt. No. 112.)   The remaining allegations contained in Paragraph 5 constitute legal conclusions to which no answer is required.   To the extent an answer may be required, Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 5.

6.      Defendant Chicago police officers Kristy Yanney, Star 15765, Christopher Liakopoulos, Star 1135, Sean O'Brien, Star 13098, Andrew McGlynn, 9815, John Healy, Star

6416, James Bailey, Jr., Star 13137, Gina Zubeck, Star 3931, Scott Straka, Star 2767, Frank Quinn, Star 15331, Joseph Waszak, Star 19258, Patrick O'Connor, 18395, Peter Glynn, Star 19535, Steven Kelnosky, Star 10972, John Healy, Star 6413, Christa Barton, Star 13036, Timothy Hayes, Star 7308, Michael Wilocki, Star 87112, Robert Robles, Star 18834, Sgt. Matt Kolasa, Star 2085, David Bachler, Star 9744, Craig Coglianese, Star 19028, Juan Luera, Star 16843, Gary Kirkilas, Star 14048, Sean Carrol, Star 8687, Joseph Montesdeoca, Star 10445, Robert Quintero, Star 17017, Michael Putrow, Star 9758, Timothy Hayes, Star 7308, Sergeant John Maples, and Timothy Gaskin, Star 17934, are present or former employees of the City of Chicago. These individual Defendant officers engaged in the conduct complained of while on duty, in the course and scope of their employment and under color of law. Defendants are sued in their individual capacity.

**ANSWER:** The Defendants named in Paragraph 6 have been dismissed from this action with prejudice, and no answer regarding allegations about these Defendants is required. (*See* Dismissal Order, Dkt. No. 112.)

7.      Defendants Superintendent John Escalante, Internal Affairs Division Chief Juan Rivera, Internal Affairs Deputy Chief Eddie Welch III, and Chicago Police Department Director of Human Resources Donald J. O'Neill are present or former employees of the City of Chicago. These individual Defendants engaged in the conduct complained of while on duty, in the course and scope of their employment and under color of law. Defendants are sued in their individual capacity.

**ANSWER:** Defendant Juan Rivera admits that he is a former employee of the City of Chicago, and that he is sued in his individual capacity. Defendant Juan Rivera further admits that the other Defendants named in Paragraph 7 are present or former employees of the City of Chicago, sued in their individual capacities. The remaining allegations contained in Paragraph 7 constitute legal conclusions to which no answer is required. To the extent that an answer is required, Defendant Juan Rivera denies that he engaged in the conduct described herein to the extent such alleged conduct is alleged to be a violation of any law or statute.

8.      Defendants Unknown Chicago Police Officers are present or former employees of the City of Chicago. Unknown Chicago Police Officers engaged in the conduct complained of while on duty, in the course and scope of their employment and under color of law. Defendants are sued in their individual capacity.

**ANSWER:**    Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.    Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of all Defendant Officers. At all times relevant hereto, Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

**ANSWER:**    Defendant Juan Rivera admits the City is a municipal corporation created and authorized under the laws of the State of Illinois.  Defendant Juan Rivera admits that the City of Chicago was or is the employer of Defendants Escalante, O'Neill, Rivera, McCarthy, and Welch.  The remaining allegations contained in Paragraph 9 constitute legal conclusions to which no answer is required.  To the extent that an answer is required, Defendant Juan Rivera admits that he was acting under the color of law and within the scope of his employment, but denies any violation or deprivation of Plaintiff's civil or constitutional rights, or any law or statute.  As to the remaining Defendants, Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 9.

## BACKGROUND

10.    From 1986 to 2015, Plaintiff was employed by the City of Chicago Police Department.

**ANSWER:**    Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.    Plaintiff was assigned to the Alternate Response Unit as a Commanding Officer.

**ANSWER:**    Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.    Plaintiff had previously been the Operations Lieutenant for the 006th District, incident team Sergeant in the 005th District, and prior to these, worked for the Internal Affairs Division (hereinafter "IAD"), among other assignments.

**ANSWER:**    Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.    Forgue was disciplined in 2007 for sending a message in Spanish over the Department PDT.

**ANSWER:**    Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.    No records of this alleged message were ever documented. The allegation was based off of the testimony of one female City of Chicago employee.

**ANSWER:**    Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.    This same female employee approached Plaintiff after he had been disciplined for the alleged offense. The female employee warned Plaintiff that IAD had contacted her and asked her if she had wanted to file sexual harassment claims against Plaintiff.

**ANSWER:**    Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.    Plaintiff has never committed any acts of sexual harassment.

**ANSWER:**    Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17.    When appointed to an incident team in 2012, Plaintiff became subject to rumors that his subordinates refused to work for him because he is Hispanic.

**ANSWER:**    Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.    In 2012, Plaintiff confronted his superior Lieutenant with testimony from officers that white officers working under him were "spitting tobacco in black families' homes when on calls". Plaintiff was laughed at and told by his superior Lieutenant to "not mess with his boys".

**ANSWER:**    Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19.    Subsequently, nothing was done about this practice.

**ANSWER:**    Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20.    Defendants were aware of these acts of misconduct that subsequently created a racially hostile environment against Plaintiff, were in a position to condemn and stop the acts of misconduct and retaliation against Plaintiff, but allowed the racially hostile environment to continue.

**ANSWER:**    Defendant Juan Rivera denies the allegations contained in Paragraph 20 to the extent these allegations are asserted against him.  As to the remaining Defendants, Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 20.

21.    On May 5, 2012, Plaintiff's uncle passed away. Plaintiff called Sergeant Eric Jackson to notify the department of his upcoming absence so he could attend the wake and funeral. Sergeant Eric Jackson told him "he would take care of it".

**ANSWER:**    Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.    On May 6, 2012, Plaintiff received a voicemail from Sergeant Dennis Smith that he was supposed to be at work.

**ANSWER:**    Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     On May 6, 2012, Plaintiff called Sergeant Dennis Smith back to explain he was at the funeral, but was told he would receive an Absence Without Pay, or "AWOP".

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     Plaintiff's contract with the Chicago Police Department allows for a day off for a funeral with pay.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     On May 8, 2012 Plaintiff returned to work and held roll call.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     Plaintiff explained the importance of the proper procedure to follow for death notifications.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     At this roll call, Plaintiff joked that "if the officers saw Sergeant Dennis Smith with an ice pack, he didn't do it".

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     On May 12, 2012, Sergeant James Ballauer created a general offense case report number HV 280594 alleging assault by Plaintiff towards Sergeant Dennis Smith for his comment.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29.     From May 12, 2012 until September 2014, seven complaints were made against Plaintiff by members of the Chicago Police Department, in retaliation against his leadership as a sergeant and lieutenant because he followed proper procedure.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 29.

30.     On November 12, 2012, Plaintiff made a complaint against Officer Matthew O'Brien and Officer James Bansley.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 30.

31.     Plaintiff made the November 12, 2012 complaint due to Plaintiff's son being unlawfully taken from a vehicle by Officers Matthew O'Brien and James Bansley, who then proceeded to drive Plaintiff's son around before interrogating him at the police station for two hours. Plaintiff's son was never charged for any crimes.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 31.

32.     On November 20, 2013, a poster with Plaintiff's picture and the words "sex offender" were distributed and posted at the police station Plaintiff worked at.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 32.

33.     Plaintiff sent a complaint to Lieutenant Valery Roytman regarding the poster.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 33.

34.     Lt. Roytman stated that Plaintiff was worried about bathroom wall memos and did nothing.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 34.

35.     On March 24, 2014, Plaintiff reported to IAD that a booking photo and rap sheet of his son was being distributed around the 5th District by a Sergeant Dave Kinney.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36.     Also on March 24, 2014, Plaintiff complained to IAD that someone had created a fake Facebook page made under his name with the words "IAD INFORMANT" printed on his photo.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37.     The fake Facebook page also posted on the Facebook page of the Chicago Mayor's Office, stating in the comments section "The mayor's office is not doing a very good job. I was assured that all evidence against me was covered up and destroyed."

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38.     The fake Facebook page contains additional posts which publicly disparage Plaintiff.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39.     As of September 23, 2015, no action has been taken by the Chicago Police Department to discipline the creators of the Facebook page, or to have the fake page removed.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40.     This Facebook page only has two "friends", one is Sergeant Dennis O'Brien and the other appears to be the wife of a Chicago police officer.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41.     The Facebook page does not depict the true or actual feelings of Plaintiff, is embarrassing and outrageous, and is damaging to his reputation as law enforcement official.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42.     On July 13, 2014, Sergeant John Maples, Star 1999 and Sergeant Terry arrived at Plaintiff's home and attempted to execute a "Consent to Search" form so that they could search Plaintiff's home; when Plaintiff answered the door, they told him they did not realize it was his home.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43.     Between June 2012 and January, 2015, Plaintiff's three sons had been stopped by the Chicago police a total of 22 times.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44.     The three sons have been labeled within the department as gang members.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45.     Plaintiff's sons are not affiliated with gangs.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46.     Plaintiff's sons are being targeted due to Plaintiff's complaints to IAD and due to Plaintiff's reputation as an officer who follows Chicago Police Department rules and regulations.

**ANSWER:**     Defendant Juan Rivera denies targeting Plaintiff's sons, and denies possessing any knowledge as to the remainder of the allegations contained in Paragraph 46.

10

47.     In approximately the past two years, Plaintiff's sons have been arrested, handcuffed and detained, and/or stopped and had a contact card filled out about 20 times.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48.     The majority of the reasons given for the stops and/or arrests were false.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

49.     Most of the stops have been within a few blocks of the boys' home in Chicago.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

50.     The officers who stopped and/or arrested Plaintiff's sons are as follows: Kristy Yanney, Star 15765, Christopher Liakopoulos, Star 1135, Sean O'Brien, Star 13098, Andrew McGlynn, 9815, John Healy, Star 6416, James Bailey, Jr., Star 13137, Gina Zubeck, Star 3931, Scott Straka, Star 2767, Frank Quinn, Star 15331, Joseph Waszak, Star 19258, Patrick O'Connor, 18395, Peter Glynn, Star 19535, Steven Kelnosky, Star 10972, John Healy, Star 6413, Christa Barton, Star 13036, Timothy Hayes, Star 7308, Michael Wilocki, Star 87112, Robert Robles, Star 18834, Sgt. Matt Kolasa, Star 2085, David Bachler, Star 9744, Craig Coglianese, Star 19028, Juan Luera, Star 16843, Gary Kirkilas, Star 14048, Sean Carrol, Star 8687, Joseph Montesdeoca, Star 10445, Robert Quintero, Star 17017, Michael Putrow, Star 9758, Timothy Hayes, Star 7308, Sergeant John Maples, Timothy Gaskin, Star 17934, and Sergeant Dennis Smith.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

51.     Plaintiff's sons continue to be targeted for unlawful stops, sent notices for ordinance violations, and otherwise harassed to the present day.

**ANSWER:**     Defendant Juan Rivera denies that he has "targeted" Plaintiff's sons, sent notices for ordinance violations to Plaintiff's sons, or otherwise harassed Plaintiff's sons.

Defendant Juan Rivera denies possessing any knowledge as to the remainder of the allegations contained in Paragraph 51.

52.     On August 3, 2014, Plaintiff made a complaint to IAD after his son Jacob was grabbed by the neck and beaten in front of their house by Officer O'Connor. This complaint was made as a father about conduct directed at Forgue's son and was not made within the scope of Forgue's employment.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

53.     As a concerned father and citizen, Forgue has made several comments and complaints regarding the false stops of his sons over the last two years.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

54.     On September 23, 2014, Plaintiff was detailed out of his district to unit 376, on the orders of Defendant Garry McCarthy.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54.

55.     Unit 376 is the Alternative Response Unit, a less desirable position which was punishment for Plaintiff's complaints to IAD.

**ANSWER:**     Defendant Juan Rivera admits that Unit 376 is the Alternate Response Section of the Chicago Police Department.  Defendant Juan Rivera denies that a position in the Alternate Response Section is a less desirable position.  Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to why Plaintiff was assigned to the Alternate Response Section.

56.     As stated in Plaintiff's contract, after being detailed out of his district, he should be receiving time and a half pay. Plaintiff did not receive time and a half pay.

12

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57.     Plaintiff contacted his Union, but was told that he was not in favor because of the complaints he made to the Independent Police Review Authority (IPRA) and IAD.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

58.     At several different times during the course of being a Chicago Police Officer, Plaintiff Forgue has been approached by other officers and asked "why he dates black women", and has had other discriminatory and harassing comments alleged to his person.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

59.     Since 2012, Plaintiff has been passed over for promotions to higher ranks in the Chicago Police Department.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59.

60.     Other high-ranking Chicago police officers who have not made complaints to IPRA and IAD have been promoted over Plaintiff.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60.

61.     Additionally, the City of Chicago failed to reimburse Plaintiff for tuition expenses.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61.

62.     In 2015, Plaintiff Lieutenant Forgue had completed more than twenty-nine years of active service as a sworn peace officer in the employ of Defendant, City of Chicago.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62.

63.     On or about August 13, 2015, Lieutenant Forgue made known his intentions to retire from the Police Department of the City of Chicago by surrendering his active duty card and other issued police equipment to the Personnel Division of Human Resources, Director Donald J. O'Neill.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63.

64.     At all times relevant hereto it was the policy and practice of the Chicago Police Department, and in particular Defendants Police Superintendent John Escalante, and Donald J. O'Neill, to issue what is known as a "retired identification card" to those sworn peace officers employed by Defendant City of Chicago who retire for pension purposes, such as Lieutenant Forgue.

**ANSWER:**     Defendant Juan Rivera admits that, at least for the period of July 8, 2014, until his retirement, it was the policy of the CPD that sworn officers leaving the Department in good standing and having served a minimum of ten years creditable service are eligible for the retirement identification card.  Defendant Juan Rivera denies the remaining allegations contained in Paragraph 64.

65.     Pursuant to Chicago Police Department General Order U01-01, section IX(A)(7), a sworn member who leaves the Department in good standing and has served a minimum of 10 years creditable service is eligible for the retirement identification card.

**ANSWER:**     During the period of July 8, 2014, until his retirement, Defendant Juan Rivera admits the allegations contained in Paragraph 65.

66.     As memorialized by the union contract between the Police Department and the City of Chicago, a determination of good standing is within the discretion of the Superintendent.

14

**ANSWER:** Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66.

67.     At all times relevant hereto there was in force and in effect a certain statute in the United States Code known as "Carrying of concealed firearms by qualified retired law enforcement officers" (e.g., 18 USC Section 926C) which provides that a "retired law enforcement officer" (such as plaintiff) "who is carrying identification required by subsection (d) may carry a concealed firearm".

**ANSWER:** The allegations contained in Paragraph 67 constitute legal conclusions to which no answer is required.  To the extent an answer may be required, Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67.

68.     On information and belief, Internal Affairs Division Chief Juan Rivera, Internal Affairs Deputy Chief Eddie Welch III, Director of Human Resources Donald J. O'Neill and/or other Unknown Defendant Officers did not give Plaintiff his retirement star in retaliation for Plaintiff's prior complaints to IAD regarding improper conduct.

**ANSWER:** Defendant Juan Rivera denies the allegations contained in Paragraph 68.

69.     On or about August 14, 2015 Sergeant Yolanda Talley, Star 1564, an employee within the Human Resources Department of the Chicago Police Department, informed Lieutenant Forgue that his star was being withheld by IAD.

**ANSWER:** Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69.

70.     On or about November 2015, Internal Affairs Deputy Chief Eddie Welch III informed Lieutenant Forgue that his star was being withheld by Director of Human Resources Donald J. O'Neill.

**ANSWER:** Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70.

71.     On or about November 2015, Randall Bacon, an investigator with the City of Chicago Internal Affairs Division, intimated to Lieutenant Forgue that his star was being withheld due to decisions made by senior Chicago Police Department Personnel.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71.

72.     As a result of Defendants' failure to give Plaintiff his retirement identification card, Plaintiff has been unable to carry a gun, procure benefits to which he is entitled, including health insurance, and secure other employment in law enforcement.

**ANSWER:**     Defendant Juan Rivera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72.

## COUNT I

### 42 U.S.C. § 1983 – First Amendment Retaliation

73.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:**     Defendant Juan Rivera reasserts and incorporates by reference his answers to all paragraphs above as though full set forth herein.

74.     Plaintiff engaged in protected speech by filing certain complaints with IAD and/or IPRA about the conduct of officers towards Plaintiff's sons.

**ANSWER:**     The claims asserted in Count I are dismissed.  (*See* Dkt. No. 111.) Accordingly, no answer to this allegation is required.

75.     Some of these complaints were made as a concerned citizen outside the scope of Forgue's employment.

**ANSWER:**     The claims asserted in Count I are dismissed.  (*See* Dkt. No. 111.) Accordingly, no answer to this allegation is required.

76.     Defendants intentionally transferred Plaintiff to a different unit, overlooked a hostile work environment, failed to investigate a fake and defamatory Facebook page, passed

16

Plaintiff over for promotions and caused an environment so hostile that Plaintiff was constructively terminated.

**ANSWER:** The claims asserted in Count I are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

77.    Defendants performed these retaliatory actions while acting under color of law.

**ANSWER:** The claims asserted in Count I are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

78.    Plaintiff's protected speech was a reason, alone or with other reasons that Defendants relied on when they took retaliatory actions against Plaintiff.

**ANSWER:** The claims asserted in Count I are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

79.    By reason of the conduct and collusion of all the defendants, the plaintiff Lieutenant Forgue was deprived by his statutory rights and entitlements specifically created by 18 U.S.C. 926C pursuant to legislation by the Congress of the United States of America.

**ANSWER:** The claims asserted in Count I are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

80.    The deprivation of the plaintiff's statutory rights and entitlements was without legal cause, legal justification and was illegally designed and undertaken by virtue of defendants' official positions and status under color of state law.

**ANSWER:** The claims asserted in Count I are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

81.    As a result of the misconduct inflicted by Defendants, Plaintiff suffered emotional distress, economic damages and harm to his reputation.

**ANSWER:** The claims asserted in Count I are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

## COUNT II

### 42 U.S.C. § 1983 - Equal Protection – Class of One

82.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.[1]

**ANSWER:**     Defendant Juan Rivera reasserts and incorporates by reference his answers to all paragraphs above as though full set forth herein.

83.     The individual Defendant Officers have targeted Plaintiff by filing false complaints against him, discriminating against him in conditions of his employment, and harassing and detaining his three sons for no reason.

**ANSWER:**     The claims asserted in Count II are dismissed.  (*See* Dkt. No. 111.) Accordingly, no answer to this allegation is required.

84.     Defendant Officers intentionally treated Plaintiff differently than others similarly situated.

**ANSWER:**     The claims asserted in Count II are dismissed.  (*See* Dkt. No. 111.) Accordingly, no answer to this allegation is required.

85.     There was no rational basis for the difference in treatment.

**ANSWER:**     The claims asserted in Count II are dismissed.  (*See* Dkt. No. 111.) Accordingly, no answer to this allegation is required.

86.     Defendant Officers were motivated by illegitimate animus against the Plaintiff.

**ANSWER:**     The claims asserted in Count II are dismissed.  (*See* Dkt. No. 111.) Accordingly, no answer to this allegation is required.

87.     The conduct and actions of the defendants, basing all of their investigations, harassment and the denial of the "retired identification card" on the fact that plaintiff complaint

---

[1] In Plaintiff's First Amended Complaint, he mis-numbers and renumbers several paragraphs.  For ease of reference, this Answer has re-numbered each paragraph of the First Amended Complaint so that each paragraph has its own, non-repeating number.

of misconduct within the department to IAD, was designed and intended to punish the plaintiff for obtaining a remedy in the law; to punish, impede and restrict his access to the court system of this state; and to chill his free exercise of the rights and privileges granted by the Constitution of the State of Illinois to those citizens of the United States residing in this state.

**ANSWER:** The claims asserted in Count II are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

88.    That conduct and those actions were designed and intended to deny the plaintiff the equal protection of the laws of the state of Illinois and the laws and rights granted under the Constitution and statues of the United States of America.

**ANSWER:** The claims asserted in Count II are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

## COUNT III

### 42 U.S.C. § 1983 Civil Conspiracy to Interfere with Plaintiff's Rights As Against All Individual Defendants

89.    Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** Defendant Juan Rivera reasserts and incorporates by reference his answers

to all paragraphs above as though full set forth herein.

90.    Beginning in 2012, through and including the date of the filing of this Complaint, the individual Defendants and unknown Defendant Officers, among themselves, expressly or impliedly formed an agreement to violate Plaintiff's constitutional rights, including his rights under the First Amendment and his right to equal protection under the laws.

**ANSWER:** The claims asserted in Count III are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

91.    In furtherance of this conspiracy, the individual Defendants agreed to target and harass Plaintiff's sons by unlawfully stopping and arresting them, create a false and defamatory Facebook page in Plaintiff's likeness, transfer Plaintiff from various positions he held, fail to promote Plaintiff, file false IAD complaints against him, create a hostile work environment, fail to honor the conditions of his employment contract, and take other unlawful actions.

19

**ANSWER:** The claims asserted in Count III are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

92. Furthermore, Defendants took the acts set forth supra, in the preceding paragraphs of this Complaint, in furtherance of their agreement to deprive Plaintiff of his constitutional rights.

**ANSWER:**

93. As a result of this conspiracy to deprive Plaintiff of his constitutional rights, Plaintiff was injured, including changes in the conditions of his employment, lost wages and emotional distress, among other damages.

**ANSWER:** The claims asserted in Count III are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

## COUNT IV

### 42 U.S.C. § 1983 – Procedural Due Process

94. Plaintiff re-alleges and incorporates all previous paragraphs.

**ANSWER:** Defendant Juan Rivera reasserts and incorporates by reference his answers

to all paragraphs above as though full set forth herein.

95. At all times relevant hereto there was in force and in effect a certain statute in the United States Code known as "Carrying of concealed firearms by qualified retired law enforcement officers" (e.g., 18 USC Section 926C) which provides that a "retired law enforcement officer" (such as plaintiff) "who is carrying identification required by subsection (d) may carry a concealed firearm". State law also gave Plaintiff a protectable property interest in his employment so that he may not be displaced without due process.

**ANSWER:** The allegations contained in Paragraph 95 constitute legal conclusions to

which no answer is required. To the extent an answer may be required, Defendant Juan Rivera

lacks knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 95.

20

96.     Additionally, Plaintiff was entitled to a retirement identification card.

**ANSWER:**     Defendant Juan Rivera denies the allegations contained in Paragraph 96.

97.     Defendants withheld and continue to withhold Plaintiff's retirement identification card.

**ANSWER:**     Defendant Juan Rivera denies the allegations contained in Paragraph 97.

98.     Plaintiff was given neither a chance to respond nor a full and fair hearing before he was denied his retirement identification card.

**ANSWER:**     Defendant Juan Rivera denies the allegations contained in Paragraph 98.

99.     This denial of Plaintiff's due process rights was in violation of the Fourteenth Amendment.

**ANSWER:**     Defendant Juan Rivera denies the allegations set forth in Paragraph 99.

100.     Defendants intentionally engaged in unlawful practices with the purpose and effect of depriving Plaintiff of procedural due process in violation of the due process clause of the Fourteenth Amendment.

**ANSWER:**     Defendant Juan Rivera denies the allegations contained in Paragraph 100.

101.     Defendants' acts were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. 1983 and the U.S. Constitution.

**ANSWER:**     Defendant Juan Rivera denies the allegations contained in Paragraph 101.

102.     As a result of Defendants' actions, Plaintiff suffered loss of income and emotional distress.

**ANSWER:**     Defendant Juan Rivera denies the allegations contained in Paragraph 102.

## COUNT V

### Defamation Against Unknown Defendant(s)

103.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** Defendant Juan Rivera reasserts and incorporates by reference his answers to all paragraphs above as though full set forth herein.

104. Plaintiff enjoys the position of Lieutenant within the Chicago Police Department.

**ANSWER:** The claims asserted in Count V are dismissed. (*See* Dkt. No. 111.) Accordingly, no answer to this allegation is required.

105. Plaintiff has enjoyed a good reputation and holds a position that is contingent on commanding respect within the City of Chicago and within his department.

**ANSWER:** The claims asserted in Count V are dismissed. (*See* Dkt. No. 111.) Accordingly, no answer to this allegation is required.

106. The publishing of the fake Facebook page with the false statements has impugned Plaintiff Forgue's character, integrity, and his employment position within the Chicago Police Department.

**ANSWER:** The claims asserted in Count V are dismissed. (*See* Dkt. No. 111.) Accordingly, no answer to this allegation is required.

107. The false statements published on this page are viewable by the public.

**ANSWER:** The claims asserted in Count V are dismissed. (*See* Dkt. No. 111.) Accordingly, no answer to this allegation is required.

108. The false statements published on this page directly harmed the Plaintiff in his position as a Lieutenant by questioning his character and integrity, and by implying that he asked the Mayor's Office to hide evidence pertaining to his job and position.

**ANSWER:** The claims asserted in Count V are dismissed. (*See* Dkt. No. 111.) Accordingly, no answer to this allegation is required.

109.    Unknown Defendant(s) published this page and comments willfully and maliciously, with the intention of harming Plaintiff's good reputation and employment with the Chicago Police Department.

**ANSWER:**    The claims asserted in Count V are dismissed.    (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

110.    As a result of these publications, Plaintiff has been injured in his personal and employment capacity.

**ANSWER:**    The claims asserted in Count V are dismissed.    (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

111.    Unknown Defendants are or were agents and employees of the Defendant City of Chicago and were at all relevant times acting within the scope of their employment.

**ANSWER:**    The claims asserted in Count V are dismissed.    (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

## COUNT VI

### Illinois Whistleblower Act – 740 ILCS 174/10
### Against Defendant Juan Rivera

112.    Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:**    Defendant Juan Rivera reasserts and incorporates by reference his answers

to all paragraphs above as though full set forth herein.

113.    Between March of 2014 and September of 2014, Plaintiff reported what he suspected were violations of Illinois law to IAD and/or IPRA, which are law enforcement agencies.  Specifically, IPRA is an independent law enforcement agency charged with investigating the actions of Chicago Police and the Chicago Police Department.

**ANSWER:**    The claims asserted in Count VI are dismissed.    (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

23

114.    Those suspected violations included but were not limited to an individual creating a fake and defamatory Facebook page bearing Plaintiff's likeness and Chicago police officers using excessive force against, and falsely arresting, his sons.

**ANSWER:**    The claims asserted in Count VI are dismissed.  (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

115.    As a result of Plaintiff reporting suspected violations, he suffered adverse actions, including being transferred from his position and detailed to Unit 376 and being passed over for promotions.

**ANSWER:**    The claims asserted in Count VI are dismissed.  (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

116.    Garry McCarthy made the decision to transfer Plaintiff to a different unit on September 23, 2014.

**ANSWER:**    The claims asserted in Count VI are dismissed.  (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

## COUNT VII

### State Claim – Intentional Infliction of Emotional Distress

117.    Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:**    Defendant Juan Rivera reasserts and incorporates by reference his answers to all paragraphs above as though full set forth herein.

118.    The acts and conduct of Defendants set forth above were extreme and outrageous.

**ANSWER:**    The claims asserted in Count VII are dismissed.  (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

119.    Said conduct included targeting Plaintiff for retaliation, creating a fake and defamatory Facebook account using Plaintiff's likeness, targeting and using excessive force against Plaintiff's sons and discriminating against Plaintiff in his employment.

24

**ANSWER:** The claims asserted in Count VII are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

120. Defendants intended to cause, or was in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

**ANSWER:** The claims asserted in Count VII are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

121. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

**ANSWER:** The claims asserted in Count VII are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

122. Defendant Officers' conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

**ANSWER:** The claims asserted in Count VII are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

123. As a proximate result of Defendant Officers' wrongful acts, Plaintiff suffered damages, including severe emotional distress.

**ANSWER:** The claims asserted in Count VII are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

## COUNT VIII

### Indemnity Claim - 745 ILCS 10/9-102 Against City of Chicago

124. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** Defendant Juan Rivera reasserts and incorporates by reference his answers to all paragraphs above as though full set forth herein.

125.    Defendant City of Chicago is the employer of all individual Defendant Officers.

**ANSWER:**    The claims asserted in Count VIII are dismissed.  (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.


126.    Defendant Officers committed the acts alleged above under color of law and in the scope of his employment as an employee of the City of Chicago.

**ANSWER:**    The claims asserted in Count VIII are dismissed.  (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.


127.    In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

**ANSWER:**    The claims asserted in Count VIII are dismissed.  (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.


128.    As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of his employment activities, Plaintiff suffered physical and emotional injuries.

**ANSWER:**    The claims asserted in Count VIII are dismissed.  (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.


## COUNT IX

**Respondeat Superior Liability Against City of Chicago
for State Law Claims Against Individual Defendants**

129.    Plaintiff re-alleges and incorporates all previous paragraphs.

**ANSWER:**    Defendant Juan Rivera reasserts and incorporates by reference his answers to all paragraphs above as though full set forth herein.


130.    Defendant City of Chicago is the employer of Defendant Officers.

**ANSWER:** The claims asserted in Count IX are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

131. Defendant City of Chicago is liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine of respondeat superior.

**ANSWER:** The claims asserted in Count IX are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

132. The acts of Defendant Officers described in the state-law claims specified above were willful and wanton and committed in the scope of their employment as employees of the Defendant City of Chicago.

**ANSWER:** The claims asserted in Count IX are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

133. As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of his employment activities, Plaintiff was injured.

**ANSWER:** The claims asserted in Count IX are dismissed. (*See* Dkt. No. 111.)

Accordingly, no answer to this allegation is required.

## **AFFIRMATIVE DEFENSES**

Defendant Juan Rivera states the following affirmative defense to Plaintiff's First Amended Complaint:

### **First Affirmative Defense**

### **Qualified Immunity**

Plaintiff's claims against Defendant Juan Rivera are barred in whole or in part by qualified immunity because, at all times material to the events alleged in this First Amended Complaint, a reasonably competent official, objectively viewing the facts and circumstances then presented to Defendant Juan Rivera, could have believed that the actions taken by him were

27

objectively reasonable and were within constitutional limits that were clearly established at the time.

### Failure to Exhaust Administrative Remedies

Plaintiff has failed to exhaust his administrative remedies set forth in the Collective Bargaining Agreement between the City of Chicago and the Policemen's Benevolent & Protective Association of Illinois, Unit 156-Liutenants.

### JURY DEMAND

Defendant Juan Rivera respectfully requests a trial by jury.


Dated:  September 5, 2018                    Respectfully submitted,

                                            Juan Rivera


                              By:   s/Elizabeth E. Babbitt
                                    One of Its Attorneys


Elizabeth E. Babbitt (ARDC No. 6296851)
Allan T. Slagel (ARDC No. 6198470)
Michael Sheehan (ARDC No. 6238081)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone:     (312) 527-4000
Email: ebabbitt@taftlaw.com
        aslagel@taftlaw.com
        msheehan@taftlaw.com
        iguset@taftlaw.com

23472769.1